```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

DAMIEN GREENE,                       :

                Petitioner           :

        - against -                  :    ORDER
                                          16-cv-4808-DC
UNITED STATES OF AMERICA,            :    11-cr-1020-DC

                Defendant.           :

- - - - - - - - - - - - - - - - - -x
```

**CHIN, Circuit Judge**:

        Petitioner Damien Greene, proceeding *pro se*, moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence in light of the Supreme Court's decision in *Jonson v. United States*, 576 U.S. 591 (2015).  Civ. Dkt. No. 1; *see also* Civ. Dkt. No. 2.  IT IS HEREBY ORDERED that the petition is DENIED.

        Greene was principally sentenced to 224 months' imprisonment following his guilty pleas to several offenses related to armed bank robbery.  Cr. Dkt. No. 43.  At the time of Greene's sentencing, he qualified as a "career offender" under the Sentencing Guidelines based on his prior convictions for assault and battery with intent to kill and manufacture, distribution, etc., of methamphetamine or cocaine base.  PSR ¶¶ 64, 102 (citing U.S.S.G. § 4B1.1 (2013)).  A defendant

qualifies as a career offender if (1) he "was at least eighteen years old" when he "committed the instant offense of conviction," (2) "the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense," and (3) he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense."  U.S.S.G. § 4B1.1(a).  Greene does not dispute that he was over eighteen when he committed the instant offenses, that his armed bank robbery offense was a crime of violence, or that his prior conviction for manufacture, distribution, etc., of methamphetamines or cocaine base was a controlled substance offense.  Instead, he argues that his prior conviction for assault and battery with intent to kill does not qualify as a crime of violence following the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015).

At the time of Greene's sentencing, the Guidelines defined a "crime of violence" as, *inter alia*, one that "involves conduct that presents a serious potential risk of physical injury to another."  U.S.S.G. § 4B1.2(a)(2) (2013).  This portion of the definition is known as the "residual clause."  *Beckles v. United States*, 137 S. Ct. 886, 891 (2017).  In *Johnson v. United States*, the Supreme Court held that the identically worded residual clause of the Armed Career Criminal

-2-

Act's definition of a "violent felony" was unconstitutionally vague.  See 576 U.S. 591, 606 (2015).  Greene therefore argues that even though his prior conviction for assault and battery involved conduct that presents a serious potential risk of physical injury to another, Civ. Dkt. No. 2 at 4, the Supreme Court's holding in *Johnson* renders the residual clause in § 4B1.2(a)(2) unconstitutionally vague.  Accordingly, he seeks resentencing without the career offender enhancement.

        Greene's argument is foreclosed by *Beckles v. United States*, in which the Supreme Court rejected the application of *Johnson*'s holding to the residual clause in § 4B1.2(a)(2).  See 137 S. Ct. at 892.  Unlike the residual clause at issue in *Johnson*, the Court held, § 4B1.2(a)(2) is "not subject to a vagueness challenge under the Due Process Clause" because the Sentencing Guidelines are merely advisory.  *Id.; accord Nunez v. United States*, 954 F.3d 465, 469 (2d Cir. 2020) ("We . . . conclude that *Johnson* did not itself render the residual clause of the mandatory Career Offender Guideline vague, as required for Section 2255 purposes.  Our decision aligns with that of the majority of circuits to have addressed the issue."). Accordingly, Greene's petition seeking resentencing in light of the Supreme Court's decision in *Johnson* is denied.

The Clerk of the Court shall terminate the motion at civil docket number 1 and criminal docket number 79.

SO ORDERED.

Dated:  New York, New York
        February 4, 2021

                                        ___s/Denny Chin_____
                                        DENNY CHIN
                                        United States Circuit Judge
                                        Sitting by Designation